UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:11 CR 109 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Addonnise Wells, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 77). This is a criminal case. For the reasons that follow, the motion is DENIED.

**FACTS**

On May 11, 2001, a federal grand jury filed a superceding indictment against defendant, Addonnise Wells. Generally speaking, the indictment charges defendant with conspiracy to possess with the intent to distribute heroin, possession with the intent to distribute heroin, use of a communication facility to facilitate drug trafficking, and money laundering.

Defendant moves to dismiss this matter on the grounds that the government fails to

1

"establish the necessary elements of the indictment." According to defendant, the evidence fails to establish that defendant "knowingly and intentionally" had any involvement in any of the charged offenses. Defendant claims that the government is incapable of proving beyond a reasonable doubt that he intentionally engaged in any misconduct. Defendant points to the following in support of his argument:

- No arrest warrant was issued and defendant self-surrendered;
- Defendant was never found in possession of any narcotics;
- Defendant's name is not on the lease of the alleged stash house and his fingerprints were not found inside;
- No phone conversation specifically mentions narcotics;
- There are no controlled buys involving defendant; and
- Defendant has never been convicted of narcotics distribution or possession.

According to defendant, the indictment is based only on "assumptions and guesses." Defendant claims that there is no evidence of a conspiracy. Defendant argues that the taped telephone conversations do not overtly mention drugs. Rather, they are simply illustrations of socializing and conversation. Defendant further claims that, to the extent he is charged with "use of a communication facility to facilitate drug trafficking," the indictment is unconstitutionally vague.

In response, the government argues that 695 grams of heroin were seized at a stash house from which defendant was seen coming and going on multiple occasions. According to the government, it possesses T-III interception, police surveillance, and the seizure of large quantities of heroin. The government points out that a number of telephone calls exist wherein defendant discusses drugs or drug trafficking. Specifically, the government points to a telephone

call between defendant and one of his co-defendants:

>Co-Defendant: All right, we need to hook up for real.
>
>Defendant: Yeah, that shit dead.
>
>Co-Defendant: You say that shit dead?
>
>Defendant: Hell yeah, man.  That n***** must have felt that shit... I was hollering at that n***** 'D' and out of the blue, I asked him about Felipe and shit.  I'm like shit n***** Felipe don't come up here and get his hair cut?  He like, hell no. [UI] and such and such stop coming.  Swear to God.
>
>In another conversation, defendant and his co-defendant discussed the following:
>
>Defendant: You still owe me five-hundred n*****.
>
>Co-Defendant: So, it's a better thing for you anyway.
>
>Defendant: Yeah, I'm cool.  I ain't wanna go to that shit anyway.  I ain't doing shit until it's time to go to Miami for memorial.
>
>Co-Defendant: I'm going to give you your nickel when I give you that [quantity of drugs.][1]  It's gonna be today or tomorrow.

The government points to other similar conversations between defendant and his co-defendant.  In addition, the government points out that it has surveillance showing a co-defendant enter the stash house.  Shortly thereafter, defendant arrived.  The co-defendant left the stash house and, soon afterwards, defendant left the stash house carrying two white plastic bags.  Based on this evidence, the government argues that there is a sufficient basis to present its case to a jury.

Ordinarily, a defendant may not challenge the sufficiency of the evidence through a pre-

---

[1] The government does not supply the Court with the actual language used in this sentence.  Rather, the government "transcribes" the language.

3

trial motion. *Costello v. United States*, 350 U.S. 359, 363 (1956). Some circuits, including the Sixth Circuit, have carved out a narrow exception to this rule. *See*, *United States v. Levin*, 973 F.2d 462 (6th Cir. 1992). In the Sixth Circuit, a defendant may challenge the indictment through the use of undisputed extrinsic evidence. This challenge is not to the sufficiency of the evidence as set forth in the indictment. Rather, a defendant, through the use of extrinsic evidence, may establish that the government is incapable, as a matter of law, of proving defendant's guilt beyond a reasonable doubt. *Id*. In *Levin*, the defendant accomplished this by introducing evidence that the government sent letters to defendants assuring them that their actions did not violate the law. In a pretrial hearing, defendants introduced the letters to establish that, as a matter of law, the government could not establish the intent element of the charged crime. The defendants conceded that the indictment stated an offense but were able to establish (through extrinsic evidence) that the defendants could not be convicted of the offense charged in the indictment. As such, the court dismissed the indictment.

Upon review, the Court finds that defendant's motion must be denied. Unlike *Levin*, defendants' challenge is to the sufficiency of the conduct alleged in the indictment. Defendant does not introduce any extrinsic evidence. Rather, defendant essentially asks the Court to ignore the telephone conversations because defendant does not expressly use the word "heroin" or any other narcotic. This Court rejects defendant's contention. Upon a review of the telephone transcripts, a jury could conclude that defendant and his co-defendant were conducting drug transactions even though they did not expressly use certain words. Alleged drug dealers often do not overtly discuss drug deals using specific wording. Moreover, the government has surveillance of defendant entering and exiting a stash house, along with a co-defendant. Based

on the evidence, the Court finds that the indictment should not be dismissed.[2]

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Judge

Dated: 9/1/11

---

[2] The Court further rejects defendant's argument that the indictment is unconstitutionally vague. The government identifies the substance of each telephone conversation in the indictment. Therefore, the Court finds that the charges of "use of a communication facility to facilitate drug trafficking" are not vague.